398 So.2d 630 (1981)
Robert RAWLS
v.
Joseph DUGAS.
BELLEFONTE INSURANCE COMPANY
v.
Gary J. DUGAS et al.
Valmon L. WATTS and Lonnie W. Watts
v.
STATE FARM INSURANCE COMPANY et al.
Bruce ALBRITTON
v.
Gary DUGAS.
Nos. 13705 to 13708.
Court of Appeal of Louisiana, First Circuit.
March 23, 1981.
Writ Denied May 1, 1981.
*631 James E. Kuhn, Denham Springs, for Valmon L. Watts and Lonnie Wayne Watts.
David M. Vaughn, Baton Rouge, for Bellefonte Ins. Co. and Barksdale Enterprises of Denham Springs, Inc. and James Barksdale.
Frank A. Fertitta, Baton Rouge, for State Farm Mut. Auto. Ins. and Gary Dugas.
William N. Faller, Baton Rouge, for Bruce Albritton.
James E. Moore, Baton Rouge, for Houston Gen. Ins. Co.
John S. White, Jr., Baton Rouge, for Bruce Albritton and State Farm Mut. Auto. Ins. Co. as his insurer.
J. Donald Cascio, Denham Springs, for Livingston Parish School Bd.
James R. Coxe, III, Baton Rouge, for Robert W. Rawls.
Robin W. Poirier, Baton Rouge, for James H. Barksdale.
Calvin E. Hardin, Jr., Baton Rouge, for "Kemper Ins. Co." and Lumbermens Mut. Cas. Co. and Julie Watson and Robert E. Watson.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
In these consolidated tort actions, this court is invited to expand the application of the doctrine of respondeat superior to school boards whose athletes negligently injure another while engaged in off-campus, non-competitive activity. After careful consideration and prolonged deliberation, we decline and, therefore, affirm the judgment of the lower court.
Robert W. Rawls, plaintiff-appellant, and others,[1] filed this suit against Joseph Dugas, Julie Watson and their liability insurers alleging injuries and damages. In several of the petitions filed, the Livingston Parish School Board was made a defendant. Appellants assert on appeal that they are aggrieved by the decision of the lower court which dismissed their demands against defendant-appellee, the Livingston Parish School Board.
By deposition, the following uncontroverted facts were established:
In August, 1978, prior to the opening of school, the Walker High School football team of Walker, Louisiana, consisting of some fifty players, was instructed to obtain physical examinations as a requirement for team participation. This requirement is mandated by the rules and regulations of the Louisiana High School Athletics Association, an organization which regulates and coordinates high school athletics throughout the State of Louisiana. The boys were told that a Dr. Walker would administer a physical examination without charge at his office in Denham Springs, Louisiana, several miles away. They were informed of this at a practice session on the school campus on the morning of August 17, 1978, and instructed that the examinations would commence at one o'clock that afternoon. Depositional testimony further established that the boys were informed that the physical examination could be taken on another day *632 or administered by a different doctor. However, such examinations might involve the payment of a fee to the examining doctor. The boys were informed that, until they completed their physicals, they could not participate as football players. They were informed that they would have to obtain transportation to Dr. Walker's office that day. Thereafter, they were released.
Bruce Albritton, Lonnie Watts, and Gary Dugas mutually decided that day to ride to the doctor's office together. Neither of these boys had, on any prior occasion, manifested rash or irresponsible behavior to any member of the team coaching staff. Dugas drove the vehicle from Walker, Louisiana, to Dr. Walker's office in Denham Springs, Louisiana, and, thereafter, started on the return trip to Walker. It was on this return trip that the automobile, driven by Dugas, swerved into the left lane and collided with a pickup truck which was being driven by James Barksdale. Robert W. Rawls was a passenger in the pickup. Julie Lynn Watson was operating a vehicle which was trailing the Dugas vehicle. She rear-ended the Dugas vehicle after it had come to a stop. The collision inflicted injuries upon various occupants of all vehicles.
The Livingston Parish School Board filed a motion for summary judgment contending that no genuine issue as to a material fact existed concerning the board and that it was entitled to a dismissal of all claims against the board as a matter of law. The trial court granted the motion, dismissed the school board, and plaintiffs have perfected this appeal.
Succinctly, appellants' theory of recovery against the school board was based on their contention that the board had an obligation to provide its students/football players with transportation to the doctor's office and that, therefore, Gary J. Dugas was acting as the agent of the Livingston Parish School Board when he transported himself and others to the doctor's office. Thus, the board was requested to impose close supervision in order to avoid the very kind of accident which forms the basis of this suit. Appellants argue that any act of negligence committed by Dugasand implied by any student under these circumstancesis imputable to the board and renders it vicariously liable in the premises.
Appellants rely on the case entitled Hanson v. Reedley Joint Union High School District, 43 Cal.App.2d 643, 111 P.2d 415 (1941). It purports to discuss the duty of a teacher to adequately and properly supervise students. We did not find Hanson to be applicable. The school board has no more of a duty to transport students to a doctor's office to obtain physical examinations than it has to transport students to a store to obtain pen and paper with which to prepare work assignments. The ultimate responsibility rests, we believe, with the parents and students themselves. This case, therefore, does not raise any real issue of negligent supervision by agents of the school board. We are given no authority, nor is there any, in support of the position taken by those seeking to ascribe liability to the Livingston Parish School Board under the circumstances of this case.
Therefore, for the foregoing reasons, the ruling of the trial court granting the motion for summary judgment is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] The consolidated tort suits involve the claims of Robert Rawls, a passenger in the Barksdale pickup truck; Bellefonte Insurance Company as the subrogated workmen's compensation and collision insurer of Barksdale Heating and Air Conditioning and James H. Barksdale; Valmon L. Watts, the father of Lonnie Wayne Watts, and Lonnie Wayne Watts, the back-seat passenger in the Dugas vehicle; and Bruce Albritton, the front-seat passenger in the Dugas vehicle.